| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-59 (1) |
| | § | |
| ARTISHA GABRIELLA MARTIN | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Artisha Gabriella Martin's ("Martin") Pro Se Objection to the Magistrate's Order and Renewed Emergency Motion for Conflict Hearing (#557). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On June 5, 2024, a grand jury in the Eastern District of Texas returned a two-count Indictment, naming Martin and fourteen codefendants. Martin was charged in Count One with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and in Count Two with Wire Fraud, in violation of 18 U.S.C. § 1343. On June 24, 2024, the court appointed Thomas William Kelley ("Kelley") to represent Martin. On October 2, 2024, a grand jury in the Eastern District of Texas returned a First Superseding Indictment, which added one co-defendant; no additional changes were made.

On April 29, 2025, Martin, represented by Kelley, appeared before United States Magistrate Judge Christine Stetson and entered a plea of guilty to Count One of the First Superseding Indictment. On May 20, 2025, the undersigned adopted Judge Stetson's recommendation that the court accept Martin's guilty plea (#390). On October 10, 2025, Probation disclosed the Initial Presentence Investigation Report ("PSR") (#491), and Kelley filed objections to the same (#507).

On December 1, 2025, Martin filed a pro se motion to substitute counsel (#s 510, 511), and Kelley filed a motion to withdraw (#513). Martin asserted that she was not given full access to her discovery and certain issues were not addressed in the objections to the PSR. Judge Stetson granted Kelley's motion and appointed Sean Hightower ("Hightower") as her counsel on December 22, 2025 (#521).

On May 11, 2026, Hightower filed objections to the PSR (#538). On May 13, 2026, Martin filed a pro se motion to withdraw her guilty plea and substitute counsel (#540). On that same date, Hightower also filed a motion to withdraw citing an irreparable conflict (#s 543, 545). On May 18, 2026, Judge Stetson granted Hightower's motion and appointed John Peralta ("Peralta") to represent Martin (#549). On June 15, 2026, Peralta filed a motion requesting a variance for Martin (#553) and a motion to allow Martin to voluntarily surrender (#554). On June 16, 2026, Martin filed another pro se motion for new counsel (#555). On June 17, 2026, Judge Stetson denied Martin's motion, determining that the motion lacked good cause and that Martin was not entitled to hybrid representation (#556). On June 19, 2026, Peralta filed a supplemental objection to the PSR (#558).

In her pending motion (#557), filed June 18, 2026, Martin renews her request that Peralta be withdrawn as her attorney of record. Martin asks the court to appoint the Public Defender[1] to "handle her file" and "halt the June 23rd sentencing date." Martin also seeks "disclosure of the official raw audio and court reported transcripts for her April 2025 Rule 11 plea proceedings."

---

[1] The Federal Public Defender was previously appointed to represent a co-defendant in this matter. Thus, a conflict of interest exists between Martin and the Federal Public Defender. *See* FED. R. CRIM. P. 44.

This matter is currently set for a sentencing hearing tomorrow, Tuesday, June 23, 2026, at 2:00 p.m.

II.    Analysis

The court finds nothing in the record indicating that Peralta has failed to provide Martin with close and effective assistance of counsel since his appointment.  Peralta has represented Martin since May 18, 2026.[2]  Peralta has filed a motion for variance, motion for permission to voluntarily surrender, as well as a supplemental objection to the PSR on Martin's behalf.  *See United States v. Benavides*, 793 F.2d 612, 618 (5th Cir. 1986) (rejecting defendant's assertion that he lacked close assistance of counsel and noting defense counsel filed several motions prior to the plea hearing).

In the absence of evidence showing a conflict of interest or other impediment that would constitute ineffective assistance of counsel, there is no legitimate basis for granting the motion for withdrawal of Martin's court-appointed counsel.  In *United States v. Moore*, the United States Court of Appeals for the Fifth Circuit held that:

> A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty.  A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case.  A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics.  A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told.  Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the

---

[2] Having been recommended by the Criminal Justice Act's ("CJA") Panel Selection Committee and approved by the judges of the Eastern District of Texas, Peralta serves as a CJA panel defense attorney. *See* General Order No. 26-01.  His attorney profile with the State Bar of Texas reflects that he earned his law degree from the University of Texas, was licensed to practice law in 1989, and practices criminal law. Further, there are no reports of disciplinary action against Peralta.

Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

706 F.2d 538, 540 (5th Cir. 1983).

The Sixth Amendment to the United States Constitution guarantees that indigent defendants have a right to counsel; however, a defendant has no "right to appointed counsel of [her] choice." *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007); *accord United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."); *United States v. Sterling*, 99 F.4th 783, 789-90 (5th Cir. 2024) ("Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973))); *United States v. Jonas*, 824 F. App'x 224, 233 (5th Cir. 2020); *United States v. Quinn*, 826 F. App'x 337, 341 (5th Cir. 2020). "[A]n indigent defendant, while entitled to adequate representation, has no right to have the Government pay for his preferred representational choice." *Luis v. United States*, 578 U.S. 5, 12 (2016); *United States v. Conlan*, 786 F.3d 380, 391 (5th Cir. 2015).

After the appointment of counsel, the court "is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant," that is, a showing of "conflict of interest, a complete breakdown in communication or an irreconcilable conflict." *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013) (quoting *United States v. Romero-Trejo*, 476 F. App'x 790, 791 (5th Cir. 2012)); *accord Sterling*, 99 F.4th at 790 ("[A] defendant can establish good cause for substituting his lawyer by showing 'there is a substantial . . . problem affecting the [lawyer's] ability to represent the defendant,' such

4

as 'a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.'"). To that end, appointment of new counsel is not required where counsel continues to meet and communicate with a defendant whose complaints relate mainly to disagreement with counsel's trial strategy or who might, if she were an attorney or representing herself, prepare and try the case differently. *United States v. Hernandez*, 502 F. App'x 363, 367 (5th Cir. 2012); *Moore*, 706 F.2d at 540 ("A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case.").

In support of her motion, Martin contends that on Thursday, June 18, 2026, she "received written verification via email from [Peralta] confirming that he is currently out of town attending a legal conference, remains entirely unavailable to hold a single strategic telephone consultation with Defendant for the remainder of the week, and will refuse to speak with his client until less than 24 to 48 hours prior to her federal sentencing hearing." In support of her motion, Martin attached an email that appears to have been sent on June 16, 2026, from Peralta to Martin. In the email, Peralta informs Martin that he will call her either Sunday or Monday at a date/time that is convenient for her. Martin also attached an email, again purportedly from Peralta to Martin, dated June 14, 2026, wherein Peralta discusses additional plans for the sentencing hearing. These emails demonstrate that Peralta has remained in communication with Martin, addressed her concerns, and kept her informed as the case proceeds to sentencing. Martin fails to establish a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict that would justify the court appointing a fourth attorney to represent her. Thus, good cause does not exist to grant Martin's request for new counsel.

In addition "[a] criminal defendant has no constitutional right to hybrid representation, partly by counsel and partly by himself." *United States v. Powdrill*, No. 23-10184, 2025 WL 892555, at *2 (5th Cir. Mar. 24, 2025) (quoting *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996)); *United States v. Risby*, No. 23-11226, 2025 WL 444415, at *1 (5th Cir. Feb. 10, 2025) (holding that "[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel" (quoting *United States v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010))); *United States v. Lee*, No. 21-50591, 2022 WL 5102002, at *1 (5th Cir. Oct. 4, 2022); *United States v. Agbonifo,* No. 20-20293, 2022 WL 808001, at *5 (5th Cir. Mar. 16, 2022); *United States v. Jones*, 842 F. App'x 878, 884 (5th Cir. 2021); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). Therefore, Martin's motion must be denied as hybrid. *See Powdrill*, 2025 WL 892555, at *2 (holding that because the defendant was still represented by counsel when he submitted his petition for a writ of mandamus and related motions, he was not entitled to file *pro se* documents); *United States v. Miller*, 54 F.4th 219, 227 (4th Cir. 2022) (noting that "other circuits agree that a defendant has no right to hybrid representation for written motions"); *Jones*, 842 F. App'x at 883 ("When a defendant is represented by counsel, he or she does not have the right to file *pro se* motions."); *United States v. Dale*, 618 F. App'x 494, 498 (11th Cir. 2015) (finding no abuse of discretion where the district court declined to consider defendant's *pro se* motion for new trial while he was represented by counsel); *accord Jimenez*, 744 F. App'x at 867 (holding defendant's *pro se* motion was properly ignored by the court "because [defendant] was represented by counsel when it was filed"); *Robinson v. State*, 240 S.W.3d 919, 923 (Tex. Crim. App. 2007) (holding that "[b]ecause the motion for new trial was presented *pro se* while the appellant was represented by counsel, the trial court was free to rule on it, or disregard it").

III.    Conclusion

In accordance with the foregoing, Martin has failed to demonstrate that new counsel is warranted.  Moreover, Martin is not entitled to hybrid representation.  Thus, Martin's Pro Se Objection to the Magistrate's Order and Renewed Emergency Motion for Conflict Hearing (#557) is DENIED.  Martin, however, will be permitted at the sentencing hearing to make a statement or present any information that she believes may mitigate her sentence in accordance with Federal Rule of Criminal Procedure 32(i)(4).

SIGNED at Beaumont, Texas, this 23rd day of June, 2026.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE